**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LEONEL HEVIA,**

                  **Plaintiff,**

**-vs-**                                             **Case No. 6:09-cv-770-Orl-28KRS**

**ISSA FAZEL LADHA, NAVEEN M. LADHA, GUSTAVO ARAYA CARVAJAL, U.S.A. INVESTMENT, INC., LD HOLDINGS OF CR, INC., LATIN AMERICA TOURIST DEVELOPMENTS, INC., HOTELERA BONANZA, S.A., BONANZA ENTERTAINMENT GROUP, S.A., CONGLOMERADO HOTELERO DE DAR ES SALAAM, S.A., INFORMATICA PARA EL DESARROLLO, S.A., and HOTELERA PLAZA HERRADURA, S.A.,**

                  **Defendants.**

_____

## ORDER

This cause is before the Court on Defendants' Motion to Compel Arbitration and Stay Litigation and Alternative Motion to Dismiss for Forum Non Conveniens (Doc. 12), filed by Defendants Issa Fazal Ladha, Naveen M. Ladha, U.S.A. Investment, Inc., and LD Holdings of CR, Inc. Plaintiff has filed a Response (Doc. 15) to the motion and, with permission of the Court (see Docs. 20 & 23), the movants have filed a Reply (Doc. 24).

As noted in the motion and as alleged in the Complaint (Doc. 1), this case arises from the "Definitive Purchase and Sale Definitive Purchase and Sale Agreement and Guaranty Trust Agreement" [sic] ("the PSA") (Attach. to Compl.) signed by Plaintiff. The PSA contains

a Dispute Resolution provision that states: "Any and all disputes or controversies arising out of or in relation to any aspect of this [Agreement], or any breach thereof, which cannot be resolved through direct negotiation within fifteen (15) calendar days from the date of notification of the dispute, shall be resolved by arbitration of law in the city of San José, Costa Rica . . . ." (PSA ¶ 21).

By its terms and under controlling law, such a provision constitutes a binding agreement to arbitrate all claims—whether alleged as contractual, tort, or some other type of claim—that "arise out of" or "relate to" the PSA or any breach thereof. See Gregory v. Electro-Mech. Corp., 83 F.3d 382 (11th Cir. 1996); accord Triple I: Int'l Invs., Inc. v. K2 Unlimited, Inc., 287 F. App'x 63 (11th Cir. 2008). "[A] district court must compel arbitration if the parties have agreed to arbitrate their dispute." Chastain v. Robinson-Humphrey Co., 957 F.2d 851, 853 (11th Cir. 1992). The claims asserted in the Complaint "arise out of" or "relate to" the PSA. Thus, the motion to compel arbitration must be granted.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Motion to Compel Arbitration and Stay Litigation and Alternative Motion to Dismiss for Forum Non Conveniens (Doc. 12) is **GRANTED in part** and **DENIED as moot in part**. The motion is **GRANTED** insofar as it seeks to compel arbitration and to stay this case pending completion of such arbitration. The motion is **DENIED as moot** insofar as it seeks dismissal for forum non conveniens.

2. Plaintiff shall initiate arbitration proceedings in accordance with the parties' agreement on or before January 15, 2010 if he wishes to pursue the claims asserted in his Complaint. This case is **STAYED** pending the completion of the arbitration proceedings.

The parties shall file a status report in this Court on or before January 29, 2010 and every sixty (60) days thereafter until the arbitration proceeding is concluded.

    3. The Clerk shall administratively close this file.

**DONE** and **ORDERED** in Orlando, Florida this 14th day of October, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record